UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JASON MUMPOWER, et al., | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 2:17-cv-219 |
| | ) District Judge Atchley |
| PAVEL GHELENIUC, et al., | ) Magistrate Judge Wyrick |
| *Defendants*. | ) |

**MEMORANDUM AND ORDER**

This case arises from a traffic collision on I-81 in Sullivan County, Tennessee. [Doc. 1]. The record demonstrates Defendants' ongoing failure to participate in the litigation. Rather than seeking a default judgment, Plaintiffs wish to litigate the case as a bench trial. [Doc. 97]. On January 28, 2021, Plaintiffs were ordered to show cause as to why a default judgment should not be entered in this case. [*Id*.]. Before the Court is the Plaintiffs' response to the show cause order. [Doc. 98].

**I.    BACKGROUND**

On November 2, 2017, Jason Mumpower was driving northbound on I-81 in Sullivan County, Tennessee. [Doc. 1]. When traffic slowed to a stop, Plaintiffs allege that Defendant Pavel Gheleniuc, driving a tractor-trailer allegedly owned by Defendant Sopranos, Inc., rear-ended

Mumpower's vehicle. [*Id*.]. This collision allegedly resulted in substantial injuries to Jason Mumpower, as well as significant property damages. [*Id*.].

Defendants Gheleniuc and Sopranos, Inc. were both insured by Spirit Commercial Auto Risk Retention Group, Inc. ("Spirit"). Attorney Benjamin Jones was appointed by Spirit to represent the two defendants. [Doc. 49; Doc. 50]. Thereafter, Spirit went into receivership, and, through its receiver, Spirit instructed Mr. Jones to inquire as to whether Defendants would be willing to pay the cost of the defense and then file claims with the receiver. [Doc. 80]. Defendant Gheleniuc informed Mr. Jones that he was unable to pay for the representation, and Defendant Sopranos, Inc. did not respond to Mr. Jones' inquiry. [*Id*]. Consequently, with court approval, Mr. Jones withdrew as the attorney of record for both Defendants. [Doc. 53].

Defendants were ordered to secure counsel within 30-days. [*Id*.]. The Court informed Defendant Gheleniuc that failure to secure counsel would compel him to proceed *pro se*. [*Id*.]. Defendant Sopranos, Inc. was informed that, as a corporation, it must be represented by counsel to defend the case. [*Id*.]. The Order was mailed to both Defendants at their last known address indicated by Mr. Jones; however, the mailed copy of the Order was returned as undeliverable to both. [Doc. 55; Doc. 57]. The Court later issued an order to compel Defendants to respond to Plaintiffs' discovery requests. [Doc. 59]. This Order was also returned as undeliverable to both. [Doc. 60; Doc. 63].

The Court scheduled a telephonic status conference for January 27, 2021 at 10:00 a.m. EST. [Doc. 92]. A copy of the Order was mailed to Defendants; however, the mail was returned as undeliverable. [Doc. 95; Doc. 96]. The Court entered an order on the docket, notifying Defendants to contact the undersigned's chambers for information about the scheduling conference. On January 26, 2021, an unknown caller contacted the undersigned's chambers

indicating that an attorney would be making an appearance on behalf of a Defendant. [Doc. 97]. Despite this representation, Defendants failed to appear. [*Id*.].

During the status conference, Plaintiffs' counsel was asked whether he wanted to pursue default judgment. [*Id*.]. Plaintiff's counsel explained that a "judgment on the merits" was needed to recover damages under Spirit's insurance policy. [*Id*.]. Plaintiff's counsel indicated that he believed a default judgment was not a judgment on the merits; therefore, Plaintiff's counsel asked the Court for a bench trial date as soon as practicable. [*Id*.]. On January 28, 2021, the Court issued a show cause order. [*Id*.]. The Court explained that a default judgment is considered a judgment on the merits; therefore, Plaintiffs were instructed to show cause as to why a default judgment should not be entered in this case. [*Id*.].

II.     ANALYSIS

Plaintiffs argue that a trial is required to recover under Spirit's insurance policy. [Doc. 98 at 1-2]. Plaintiffs do not have a copy of the insurance policy issued to Defendant Soprano's Inc. because of its failure to participate in discovery. [*Id*. at ¶ 3]. However, Plaintiffs cite to an insurance policy issued by Spirit to a different trucking company. [*Id*.]. The insurance policy provides, in pertinent part: "No one may bring a legal action against us under this coverage form until: (b) we agree in writing that the "insured" has an obligation to pay or until the **amount of that obligation has been finally determined by judgment after trial.**" (emphasis added). [*Id*.; Doc. 98-1 at 3-4]. Plaintiffs argue that this language requires either an agreement or a trial to recover from Spirit. [Doc. 98 at ¶ 3].

To the Court's best knowledge, a default judgment would be sustained under the clause Plaintiffs cite. *See Apalucci v. Agora Syndicate, Inc.*, 145 F.3d 630, 633 (3rd Cir. 1998) (finding an insurance policy's provision that "a person….may sue us to recover….on a final judgment

3

against an insured obtained after an *actual trial*" was satisfied by a default judgment, as the default judgment conclusively established the fact and the amount of the insured's liability); *Struna v. Concord Ins. Servs., Inc.*, 11 S.W.3d 355, 358-59 (Tex. App. 2000) (finding insurance policy's requirement that damages be "finally determined by a judgment *after trial*" was satisfied where court entered a default judgment and held a separate hearing on damages); *Pruyn v. Agric. Ins. Co.*, 42 Cal. Rptr. 2d 295, 308 (Cal. App. 1995) (noting that it is 'settled that a default judgment hearing in which the injured party was required to present some evidence is sufficient to satisfy an insurance policy's requirement for an "actual trial"); *Smithers v. Mettert*, 513 N.E.2d 660 (Ind. Ct. App. 1st Dist. 1987) ("An insurer will not be heard to argue that a default judgment was not a 'judgment after actual trial' where it had notice of the proceeding and failed to take measures to contest the suit.") (concluding an "actual trial" within the meaning of an automobile insurance policy no-action clause need not be contested as adversary, and includes a default judgment); *Pioneer Cas. Co. v. Jefferson*, 456 S.W.2d 410 (Tex. Civ. App. 1970) (holding that a default judgment is an "actual trial" within the contemplation of an insurance policy's "no action" clause). Accordingly, because a default judgment would conclusively establish the fact and amount of Defendants' liability, the Court believes that a default judgment would satisfy the provision in Spirit's insurance policy that Plaintiffs' cite.

Further, Plaintiffs claim that a bench trial would be appropriate, as they desire to give Defendants every opportunity to contest liability and damages in order to avoid a later dispute concerning whether there was a "trial". [Doc. 98 at 2]. The Federal Rules of Civil Procedure require the Court and the parties to employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendants have had ample opportunity to contest liability and damages. This case has lingered on the Court's docket for three

4

years without resolution. The Court has expended its resources in an attempt to keep Defendants informed of the status of this proceeding; however, Defendants have failed to appear in over nine months. Accordingly, the Court finds that a default judgment would bring this dispute to a "just, speedy, and inexpensive determination" as contemplated by Rule 1 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have not shown good cause as to why a default judgment should not be entered in this case. Accordingly, Plaintiffs are **ORDERED** to move for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on or before **March 18, 2021**. Plaintiffs are hereby put on **NOTICE** that failure to comply may result in dismissal of their claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

SO ORDERED.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**